UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA     )
                               )    Criminal No. 05-CR-10221 (RCL)
        v.                  )
                               )    21 U.S.C. § 841(a)(1)--
ROBERT HUNT,                )    Distribution of
        Defendant.        )    Cocaine Base
                               )
                               )    21 U.S.C. §853--
                               )    Criminal Forfeiture

**FINAL STATUS CONFERENCE REPORT**

The parties in the above-entitled criminal matter, the United States of America (the "government") and the above-referenced defendant hereby submit this Final Status Conference Report, pursuant to Local Rule 116.5(C)(1)-(8).

1.    **Whether there are outstanding discovery issues not yet presented or resolved by the Court.**

No.  There are no outstanding discovery issues that need to be resolved by the Court.

2.    **Whether a party anticipates providing additional discovery as a result of its future receipt of information, documents, or reports of examinations or tests.**

The government anticipates that, unless there is a stipulation and should the case proceed to trial, the government expects to call an expert witness as to drugs in this case and will provide defense with these materials 45 days prior to trial.  Defendant will provide any expert materials 30 days before trial.

3.    **Whether defendants intends to raise a defense of insanity or**



12/14/05

N Russo

1

public authority.

No.

4.    Whether the government has requested notice of alibi by the
      defendant and, if so, whether the defendant has timely
      responded.

The government did request notice of alibi, but the defendant

has yet to respond.

5.     Whether the defendants have filed, or intend to file, any
       motion to sever, dismiss, or suppress, or any other motion
       requiring a ruling by the District Court before trial.

No, the defendant does not plan to file any motion at this
time.

6.    Whether a schedule should be set concerning any matter in the
      case other than trial.

The parties request another status conference.

7.    Whether the parties have discussed the possibility of an early
      resolution of the case without a trial and if so, the results
      of that discussion.

The parties have discussed the possibility of an early

resolution without trial.  However, at this time the parties cannot

say whether there will be resolution without a trial.

8.    Whether there are periods of excludable delay under the Speedy
      Trial Act as to which the parties agree, and what they are,
      and whether there are any disagreements, and what they are, to
      enable the Magistrate Judge to rule on periods of excludable
      delay at the Final Status Conference.

      5. Speedy Trial Act Calculations

The parties have conferred on the periods excludable from all

Speedy Trial Act calculations and jointly submit that the following

periods are excludable:

| | |
|---|---|
| 8/25/05 | 1 day counted |
| 8/26/05 | Excluded |
| 8/27/05-8/29/05 | 3 days counted |
| 8/30/05-9/26/05 | Automatic discovery |
| 9/27/05-10/10/05 | 11 days counted |
| 10/11/05-12/13/05 | Excluded Interests of Justice |

The parties are requesting that the time between the filing of this status report and the date of the Final Status Conference be excluded from all Speedy Trial Act calculations in the interests of justice to allow the parties to discuss the possibility of a resolution of this case without trial.

As of the Final Status Conference, 14 days will have been counted and 56 days will remain under the Speedy Trial Act.

9.    **The estimated length of trial.**

One week.


Respectfully submitted,

MICHAEL J. SULLIVAN
UNITED STATES ATTORNEY

By: _____

CYNTHIA W. LIE
Assistant U.S. Attorney
One Courthouse Way

3

Boston, MA

(617) 748-3183

Dated: December *14*, 2005

MATTHEW A. KAMHOLTZ

125 Summer Street, 6th Floor

Boston, MA 02110

Dated: December *14*, 2005