```
                  UNITED STATES DISTRICT COURT
                   DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA      )
          Plaintiff,          )
                              )
          v.                  )   Criminal No. 05-10221-RCL
                              )
ROBERT HUNT,                  )
          Defendant.          )
```

**MOTION TO CORRECT JUDGMENT TO INCLUDE FORFEITURE**

The United States of America, by and through its attorney, Michael J. Sullivan, United States Attorney for the District of Massachusetts, hereby moves, pursuant to Federal Rule of Criminal Procedure 36, that this Court enter a corrected judgement in the above-captioned case, because the judgment entered on August 29, 2006, due to clerical error, omission, or oversight, failed to include an asset that is subject to criminal forfeiture. In support thereof the United States sets for the following:

1.  On May 22, 2006, Robert Hunt (the "Defendant"), pled guilty to Counts One through Three of the Indictment.  The Indictment to which the Defendant pled guilty included a forfeiture allegation pursuant to 21 U.S.C. §853, specifically naming as forfeitable the following asset:

> One Blue 1999 Ford Expedition, VIN# 1FMPU18L9XLB24120, Massachusetts license plate 12MH20, registered in the name of Nakia Hunt (the "Ford Expedition").

2.  On July 31, 2006, the Court endorsed a Preliminary Order of Forfeiture, forfeiting the Defendant's interest in the

Ford Expedition.

3.   On August 28, 2006, the Court sentenced the Defendant to one hundred twenty months incarceration for each count and eight years supervised release.

4.   On August 29, 2006, the Court entered a written judgment.  The written judgment, apparently due to clerical error, did not include the criminally forfeited Ford Expedition.

5.   Rule 32.2 (b)(3) provides: "At sentencing – or any time before sentencing if the defendant consents – the order of forfeiture becomes final as to the defendant and must be made a part of the sentence and be included in the judgment."  Fed. R. Crim. P. 32.2 (b) (3).  The failure to include forfeiture in a judgment may be corrected pursuant to Rule 36, which allows the Court to:

> at any time correct a clerical error in a judgement, order, or other part of the record, or correct an error in the record arising from an oversight or omission.

6.   Here, the Court's failure to include the forfeited Ford Expedition in its written judgment apparently arises from an oversight or omission, and, therefore may be corrected pursuant to Rule 36.  See United States v. Yeje-Cabrera, 430 F.3d 1, 16, C.A.1 (Mass) 2005, (ordering on appeal, district court judgment without  forfeiture order to be amended nunc pro tunc to include order of forfeiture).

7.   The United States requests that the Court correct the

judgment to reflect that the Ford Expedition is forfeited to the Untied States.

WHEREFORE, the United States respectfully moves that this Court issue a corrected judgment in the above-captioned case, including the Ford Expedition subject to forfeiture.

                    Respectfully submitted,

                    MICHAEL J. SULLIVAN,
                    United States Attorney

By:  /s/Kristina E. Barclay
     KRISTINA E. BARCLAY
     Assistant U.S. Attorneys
     United States Courthouse
     Suite 9200
     1 Courthouse Way
     Boston, MA 02210
     (617) 748-3100

Dated: August 31, 2006

### CERTIFICATE OF SERVICE

This is to certify that the foregoing Motion to Correct Judgment to Include Forfeiture, filed through the Electronic Case Filing system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

                    /s/Kristina E. Barclay
                    Kristina E. Barclay
                    Assistant U.S. Attorney

Dated: August 31, 2006